Peck, J.
The defendant in error brought suit in the court below,, upon a promissory note for eleven hundred and fifty dollars, given by plaintiffs in error to E. Gilbert & Co., in consideration of a shipment of five hundred kegs of blasting-powder, which note had been indorsed by the payees and discounted by the plaintiff below for value, and before maturity.
The defense relied on was a counter-claim for damages resulting to defendants, from a failure on the part of E. Gilbert & Co. to deliver another lot of five hundred kegs of powder, stipulated for, it. is said, in the same contract, and to be delivered at a subsequent period.
It is not pretended that the plaintiff below did not pay full value for the note upon its discount, in August, 1855, nor that they had any actual notice of the terms of the contract with Gilbert & Co., or of their failure to deliver *the other five hundred kegs in accordance with their contract; but it is claimed, on the authority of 2 Hill, 461, that the Bank of Rochester is chargeable with such, notice, it having been known to Crombie, a partner in the firm of Gilbert & Co., who was a member of the finance committee whicndiscountcd the note.
It is important to determine the character of the agreement for-.the sale and delivery of the one thousand kegs of powder, and whether it is to be regarded as one entire contract, or as two several contracts, expressed in the same instrument. If it is but one contract, and the plaintiff below was chargeable with notice of its terms, and the non-compliance of Gilbert & Co. with its stipulations, it might be incumbent upon us to scrutinize the charges asked and refused, and the qualifications which were annexed to the charges given ; but if, upon a fair construction, the stipulation *267 as to the two lots of powder are several contracts, or if they became several by the subsequent treatment of the parties thereto, it would' be idle to inquire whether there was any error in the charge of the-court as to the circumstances which would authorize the defendants in said action to set up such a counter-claim against the assigneeof the note. The verdict was adverse to the counter-claim, and as in such case no recovery could have been had upon it against the-plaintiff below, the defendants were not, in law, damnified by the-charge, even if it was erroneous. The claim for damages in such case could not, in any just or proper sense, be said to arise out of the contract or transaction set forth in the petition as the foundation of the action, nor connected with the subject of the action-(Code of Civil Procedure, sec. 94), the note in suit having been given for a consideration fully paid, and the counter-claim arising' out of the breach of another contract, which- formed no part of the-consideration of the note.
The paper from which the entirety of the contract is deduced . reads as follows:
*“ We have this day sold Loomis, Campbell & Co. one thousand kegs (25 lbs. net) of good merchantable blasting-powder, at two 30-100 dollars per keg, delivered on board boat at Rochester. Their note at six months from shipment, payable in New York city. Half delivered now, and balance in June.
“ E. Gilbert & Co.”
This paper is not signed by Loomis, Campbell & Co., and is not the contract, but mere evidence of the contract. It is an admission by Gilbert & Co. that they had sold one thousand kegs of powder to plaintiffs in error at a specified rate per keg, five hundred of which were to be shipped presently, and five hundred in June following ; and if this were all, it might possibly have borne the construction claimed for it by the plaintiffs in error. The paper, however, does not stop here, but proceeds to state how and when the. payments are to be made, from which it appears that the vendees were to give their notes for each shipment as soon as it was made; and these notes, it seems, from the one in suit, were also to be negotiable. The mode of payment, then, was to be by negotiable-note, aud the time of payment immediately upon the shipment of each parcel. Can it be supposed to have been the intention of the parties to the agreement, that, after such negotiable note was given,, the maker was to retain a lien upon it for the performance of ther *268 •other stipulations ? We think not. The agreement to ship both lots is written, it is true, upon the same paper, and, unitedly, the two lots make up the aggregate of one thousand kegs bargained .and sold; but, in all the essential elements of a contract, they are as distinct as if written upon separate slips of paper. It provides a different time for delivery and for payment, and a severable rate •of compensation for each lot. No part of the price of the first lot is to be retained, or in .any way made dependent upon the shipment of the second. On the shipment of the first, Gilbert & Co. •could demand full payment therefor, and, if refused, an action would have lain to recover *it. This view is, we think, fully sustained by the rules laid down in 2 Parsons on Con. 29,30, .and the authorities there cited.
The paper evidences two distinct contracts for the sale and shipment of two lots of powder; one deliverable in May, and the other in June. They were also, as appears from the testimony, to have been of different qualities—the one mixed and the other separated powder. This conclusion is also supported by the subsequent correspondence of both parties, in which they speak of the powder not delivered as “the other five hundred kegs,” and as “the other lot,” and fix a different time for its delivery. But-if this construction were more doubtful than it seems to us to be, the giving of a negotiable note for the first lot upon its shipment would, in and of itself, amount to a severance of the joint contract, and a waiver of all recourse upon the note in the hands of an assignee for value, for a non-performance of the remaining stipulations. Such must have been the understanding of both parties when such a note was given and received, and a person conusant of the entirety of the original agreement might purchase it, as was done by the plaintiff below, and thereby acquire an absolute right to the money it represents. The conclusion to which we have come relieves us from an examination into the errors assigned in relation to the charges given and refused, and the question as to the continuing liability of Gilbert & Co. to deliver the last lot of powder. Their liability, if it still exists, can not, nor can the damages resulting therefrom, •be made the subject of a counter-claim, in an action by the Rochester Bank upon the note which they purchased, as above stated.

Judgment affirmed.

Brinkerhore, C. J., and Scott, Sutliee, and Gholson, JJ., concurred.